IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Deandre Taylor, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24 cv 3032 |
| | ) | |
| Fay Servicing, LLC, | ) | Hon. Jorge L. Alonso |
| | ) | |
|         Defendant. | ) | |

**Fay Servicing, LLC's Motion to Dismiss
Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

Defendant, Fay Servicing, LLC, moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## Introduction

The Fair Debt Collections Practices Act generally prohibits debt collectors from communicating with consumers who are known to be represented by counsel. Plaintiff alleges in his complaint that Fay Servicing, an alleged debt collector, violated that prohibition by sending him a monthly account statement after he appeared through counsel in a mortgage foreclosure lawsuit brought by a separate party. The problem with this claim is that Fay Servicing is not a party to the foreclosure and is not alleged to have been served with notice of counsel's appearance. The complaint therefore fails to state a claim and should be dismissed under Federal Rule 12(b)(6).

## Factual Background

On March 6, 2024, plaintiff Deandre Taylor filed a Fair Debt Collection Practices Act lawsuit in the Circuit Court of Cook County. (Dkt. No. 3-1.) He alleges that on October 27, 2006, he obtained a loan secured by his property, and that on June 1, 2018, defendant Fay Servicing acquired servicing rights to the loan. (*Id.* ¶¶ 14-15.) He further claims that on May 9, 2023, "the

holder of the mortgage lien" filed a mortgage foreclosure lawsuit against him in state court. (*Id.* ¶ 17.) The plaintiff in the state-court foreclosure suit—the holder of the mortgage lien, as described by Taylor—is U.S. Bank Trust N.A., as trustee for a mortgage asset trust. (Dkt. No. 3-1 at 9.)

Taylor further asserts that on October 5, 2023, a lawyer "filed an appearance in the foreclosure action." (Dkt. No. 3-1 ¶ 19.) He does not allege that this appearance was sent to Fay Servicing, and the filed appearance attached as an exhibit to the complaint does not contain a certificate of service showing that it was sent to any particular entity. (Dkt. No. 3-1 at 9.) Taylor asserts that, despite the filed foreclosure appearance, Fay Servicing directly sent him a periodic mortgage statement on February 12, 2024. (Dkt. No. 3-1 ¶ 20.)

Taylor alleges that Fay Servicing violated section 1692c(a)(2) of the FDCPA by directly communicating with him after having actual knowledge that he was represented by an attorney. (Dkt. No. 3-1 ¶¶ 24-29.) On April 15, 2024, Fay Servicing removed Taylor's lawsuit to this Court. (Dkt. No. 3.)

**Legal Standard**

Rule 12(b)(6) compels dismissal of a complaint that fails to state a claim upon which relief can be granted. "Although a party need not plead 'detailed factual allegations' to survive a motion to dismiss, mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Berger v. NCAA*, 843 F.3d 285, 290 (7th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In considering a Rule 12(b)(6) motion, a court accepts all well-pleaded facts as true, but not "statements of law or unsupported conclusory factual allegations." *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021) (citation omitted).

The Court must consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice."

*Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-1020 (7th Cir. 2013) (citation omitted). "If, when viewed in a light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case." *Nationscredit Home Equity Servs. Corp. v. City of Chi.*, 135 F. Supp. 2d 905, 908 (N.D. Ill. 2001).

### Argument

Taylor's complaint fails to allege that Fay Servicing had actual knowledge of the attorney representation. The FDCPA states that "a debt collector may not communicate with a consumer in connection with the collection of any debt . . . *if the debt collector knows the consumer is represented by an attorney* with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." *Grubermann v. Seas & Assocs., LLC*, No. 16 cv 4513, 2016 WL 4378975, at *3 (N.D. Ill. Aug. 17, 2016) (citing 15 U.S.C. § 1692c(a)(2)) (emphasis in original). "Thus, Plaintiff must show both that the debt collector knew he was represented and that the debt collector knew or could identify the name and address of the attorney." *Id.* (citing *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004)); *see also Gilbert v. TrueAccord Corp.*, 608 F. Supp. 3d 656, 667 (N.D. Ill. 2022) (citing *Randolph*; explaining that to be liable under Section 1692c(a)(2), a defendant must have "actual knowledge" of the attorney representation).

Moreover, "knowledge generally may not be imputed to the debt collector." *Grubermann*, 2016 WL 4378975, at *3; *see also Randolph*, 368 F.3d at 729 (holding that "[c]ourts do not impute to debt collectors other information that may be in creditors' files—for example, that the debt has been paid or was bogus to start with"). More broadly, courts "do not impute the principal's knowledge to the agent" when that agent interacts with third parties. *In re Sterling*, 933 F.3d 828, 835 (7th Cir. 2019).

3

For example, in *Grubermann*, the plaintiff alleged that the defendant violated FDCPA section 1692c(a)(2) by sending out a collection letter after the plaintiff filed a bankruptcy petition. 2016 WL 4378975, at *1. The court dismissed the 1692c(a)(2) claim under Rule 12(b)(6) because the plaintiff "only alleged that at the time of the collection letter, [d]efendant knew, or should have known, that [p]laintiff filed for bankruptcy." *Id.* at *3 (citation omitted). It explained that "the mere existence of the bankruptcy petition is not enough to establish [d]efendant actually knew about the petition," and that the plaintiff failed to allege that the defendant was on notice of the representation by counsel. *Id.* at *3; *see also Keisler v. Encore Receivable Mgmt.*, 06 cv 912, 2008 WL 1774173, at *5 (S.D. Ind. Apr. 17, 2008) (holding that *Randolph* defeated the plaintiff's 1692c(a)(2) claim because "knowledge in the hands of [the creditor] is not knowledge in the hands of [the debt collector].").

Here, Taylor's complaint is similarly flawed because it relies on the incorrect theory that notice of attorney representation to U.S. Bank Trust (the creditor) establishes knowledge in the hands of Fay Servicing (the alleged debt collector) for purposes of a claim under section 1692c(a)(2). Taylor's claim is entirely based on the attorney appearance attached to her complaint as Exhibit 1. On its face, the appearance shows that it was not directed to Fay Servicing, which is not a party to the lawsuit in which Taylor's counsel appeared. (Dkt. No. 3-1 at 9.) And as Taylor acknowledges in the complaint, U.S. Bank Trust is the holder of the mortgage lien and the party that filed the mortgage foreclosure lawsuit. (Dkt. No. 3-1 ¶ 17.)

Taylor will argue that knowledge of the representation may be imputed to Fay Servicing as a servicing agent for U.S. Bank Trust. But as discussed above, knowledge of the principal, U.S. Bank Trust, such as an appearance in a case to which the principal is a party, is not imputed to the agent, Fay Servicing. *See In re Sterling*, 933 F.3d at 835. And, notably, Taylor does not allege that

4

the appearance was sent to Fay Servicing, and the filed appearance does not contain a certificate of service indicating that it was sent to *any* party. (Dkt. No 3-1 at 9.) It simply does not follow that because U.S. Bank Trust was given notice of attorney representation in the form of a filed appearance, that Fay Servicing also had actual knowledge of this representation.

Finally, although Taylor declares that Fay Servicing "had actual knowledge" of the appearance (Dkt. No. 3-1 ¶ 26), this is a factual conclusion that is not taken as true for the purpose of this motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021) (citation omitted); *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)) (stating that in considering a Rule 12(b)(6) motion, a court accepts all well-pleaded facts as true, but not "statements of law or unsupported conclusory factual allegations"). Absent non-conclusory allegations to establish that knowledge of the representation was in the hands of Fay Servicing, the complaint fails to state a claim under section 1692c(a)(2) of the FDCPA.

## CONCLUSION

For the forgoing reasons, Fay Servicing, LLC, respectfully requests that this Court dismiss Plaintiff's complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for all other relief that is just and equitable.

Dated: April 22, 2024                         **FAY SERVICING, LLC**

By: /s/ *Simon Fleischmann*
One of Their Attorneys

Simon Fleischmann
*sfleischmann@lockelord.com*
Bella Seeberg
*bella.seeberg@lockelord.com*
Locke Lord LLP
111 South Wacker Drive
Chicago, Illinois 60606
(312) 443-0462